**Doris L. McDONALD, et al., Plaintiffs,**

v.

**Todd M. HEWITT, et al., Defendants.**

**No. 98–CV–555 RNB.**

United States District Court,
D. Utah,
Central Division.

Sept. 28, 2000.

---

Robert B. Sykes, Ron J. Kramer, Robert B. Sykes & Asso., Salt Lake City, UT, for plaintiffs.

Gary L. Johnson, Richards, Brandt, Miller & Nelson, Salt Lake City, UT, for defendants.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

Plaintiffs brought this action under 42 U.S.C. § 1983 for damages when two officers of the Tooele City, Utah, Police Department allegedly illegally entered the residential premises of plaintiffs, conducted a warrantless search of the premises, and arrested plaintiff Leonard G. Miller. The court has already ruled the arrest of Mr. Miller to have been unlawful. The defendants contend the conviction and arrest record of each plaintiff ought to be admissible, either for impeachment pursuant to Rule 609, F.R.E. or to diminish any claim of damages based on emotional injury. This ruling relates only to plaintiffs Doris L. McDonald and D. Rebecca LaRiva. The issue as to Leonard G. Miller is treated in a separate order.

The issue of damages in this case is one of federal law and state rules on damages are subject to consideration only if they fully serve the federal interest and become federal law. *Sullivan v. Little Hunting Park*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); *Malloy v. Monahan*, 73 F.3d 1012 (10th Cir.1996) (federal law applicable); *Rosa v. Cantrell*, 705 F.2d 1208 (10th Cir. 1982) (federal law). The issue of damages in

a suit under § 1983 is therefore one of federal law.

■ The plaintiffs have, on their own behalf, moved the court for an order *in limine* prohibiting defendants from introducing evidence of the plaintiffs' criminal records. The plaintiff Doris L. McDonald has never been convicted of a felony or a misdemeanor, other than minor traffic violations. These offenses are inadmissible under Rule 609 F.R.E. and are irrelevant under Rule 404(b) F.R.E. to any issue of damages. No inquiry or evidence of any criminal record of McDonald is admissible.

■ The defendants have made a motion to admit the prior arrests, criminal convictions and time served of plaintiff Rebecca LaRiva. The plaintiff's motion in limine opposes such admission. Ms. LaRiva has two criminal convictions. One for fraud/bad checks in September, 1967. The defendants have not shown whether the conviction was a misdemeanor or a felony or if any confinement time was imposed. However, the conviction is thirty three years old. There is no showing of any special need for the use of such a conviction for impeachment purposes and the fraud/bad checks conviction is therefore properly excluded under Rule 609(b), F.R.E. There is no showing "that the probative value of the conviction supported by specific facts and circumstances substantially outweigh its prejudicial effects." See Michael H. Graham, *Handbook of Federal Evidence*, 4th Ed. § 6009.5 (1996); *United States v. Bensimon*, 172 F.3d 1121, 1125 (9th Cir.1999). The fraud/bad checks conviction of LaRiva may not be used for impeachment purposes.

■ The plaintiff, LaRiva, has a conviction for driving under the influence in January, 1993. This was over seven years ago. The conviction is also not admissible under Rule 609, F.R.E. It is a misdemeanor and has no bearing on LaRiva's credibility.

Plaintiff's arrests and charges in cases that did not involve convictions are also inadmissible under Rule 609 F.R.E. for impeachment purposes. A conviction is required, arrests may not be used.

The defendants contend the arrests and convictions of LaRiva are admissible under Rule 404(b) F.R.E. on the issue of the extent of her damages under 42 U.S.C. § 1983. The plaintiff LaRiva's arrests have no bearing on damages, especially where no conviction is involved. Indeed arrests without conviction would support an inference of police and prosecution abuse absent other evidence not before the court. In addition, LaRiva is not making a claim for damages from an arrest. She was not arrested in the situation involved in this case.

The defendants have not properly focused as to the plaintiff LaRiva on what is the basis of a claim for damages for violation of the Fourth Amendment. Her character is irrelevant. Rule 404(a) F.R.E. Damages under the Fourth Amendment are based on the wrongful violation of the citizen's privacy interest. LaRiva alleges officers illegally entered the premises where she was, thereby illegally invading her privacy and also conducted a search of her purse. The officers did not have a warrant.

■ In *Corriz v. Naranjo,* 667 F.2d 892, 897 (10th Cir.1981) the court held that damages are for the intrusion on the plaintiff's liberty interest in bodily integrity where there was an arrest without probable cause. Of course, actual injuries must be shown by LaRiva, or by any other plaintiff. *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) ("actual injury"); *Jolivet v. Deland,* 966 F.2d 573 (10th Cir.1992). Otherwise, only nominal damages are proper for the constitutional violation. *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Mental anguish or emotional distress can be the basis of a proper damage award under § 1983. *Stachura,* 477 U.S. at 302, 106 S.Ct. 2537 (1986); *Corriz,* supra; see also *Malloy v. Monahan,* 73 F.3d 1012 (10th Cir.1996) (Fourth Amendment violation for excessive force); *Foster v. MCI Telecommunications Corp.,* 773 F.2d 1116 (10th Cir.1985); *Morgan v. Secretary of Housing and Urban Development,* 985 F.2d 1451 (10th Cir.1993); *Abeyta By and Through Martinez v. Chama*

*Valley Independent School Dist.,* 77 F.3d 1253 (10th Cir.1996). The emotional harm must be more than simple indignity from the violation of the right. *Norwood v. Bain,* 143 F.3d 843, 855–56 (4th Cir.1998) aff'd by equally divided court 166 F.3d 243 (4th Cir. 1999) (en banc) cert. denied. See *Dill v. City of Edmond,* 155 F.3d 1193 (10th Cir.1998); *Butcher v. City of McAlester,* 956 F.2d 973 (10th Cir.1992).

However, in *Heck v. Humphrey,* 512 U.S. 477 n. 7, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) "damages for discomfort" were said to be proper in a Fourth Amendment case. Invasion of privacy and personal freedom are proper areas for damage consideration based on emotional anguish, *Paton v. La Prade,* 524 F.2d 862, 871 (3rd Cir.1975), but not for an abstract value of the constitutional right. *Carter v. District of Columbia,* 795 F.2d 116, 133–35 (D.C.Cir.1986). Presumed damages are also inappropriate in this case. *Norwood v. Bain,* 143 F.3d 843, 856 (4th Cir.1998); *Trevino v. Gates,* 99 F.3d 911, 921–22 (9th Cir.1996). There is no inherent difficulty in this case for the jury in assessing the damages claim of LaRiva. She had provided specific evidence of her claim.

Plaintiff LaRiva's prior convictions for fraud/bad checks and DUI do not diminish the causative or other effect of defendants' alleged conduct in this case. *Perrin v. Anderson,* 784 F.2d 1040 (10th Cir.1986) (prior misconduct of plaintiff is not necessarily a diminishing factor against an officer's wrongful conduct). The prior convictions are unrelated to LaRiva's privacy interest or emotional damages from any wrongful intrusion. The arrest and criminal prosecution background of LaRiva relates essentially to her character, not whether she would suffer less emotional injury from the defendant officer's alleged illegal and intrusive conduct in entering premises and interfering with LaRiva's privacy. Her prior criminal record does not diminish the emotional harm she claims from the defendants' conduct in illegally invading the premises where she was legally present. This is especially so given the remoteness of the prior criminal activity. Defendants have not shown the connection of LaRiva's criminal record to her alleged injury. The defendants' evidence, and the contention itself, is too ill defined and speculative to have real probative value or to bear on damages for the conduct allegedly causing her emotional harm.

In addition, as to LaRiva, the danger or the evidence of arrests and convictions being misused is obvious. A jury may well determine that an individual with a prior criminal record is a bad person and less deserving of damages than a person without such a history. This jury could well consider LaRiva's conviction and arrest record as making her an unworthy person and therefore, because of her character, less deserving of damages to which she may otherwise be entitled under the law. Under such circumstances, any limited probative value of the evidence as to prior arrests and criminal record on actual damages is "substantially outweighed by the danger of unfair prejudice" or confusion. Rule 403, F.R.E. *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); *United States v. McVeigh,* 153 F.3d 1166, 1191 (10th Cir.1998). The circumstances considered under Rule 403, F.R.E., make it inappropriate to admit evidence of LaRiva's prior convictions or arrests on the issue of damages or for impeachment.

**IT IS SO ORDERED.**